UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS T. WHITEHEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-1249 NAB |
| | ) |
| BOARD OF POLICE COMMISSIONERS | ) |
| ST. LOUIS METROPOLITAN POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, brings this civil action under 42 U.S.C. § 1983. Having reviewed the allegations in the complaint, the Court finds that it must be dismissed. *See* 28 U.S.C. § 1915A.

### Standard of Review

Under 28 U.S.C. § 1915A, the Court is required to dismiss a complaint filed by a prisoner if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915A, the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff was at his friend's apartment on April 20, 2004, when defendant John Applegate, along with other police officers, entered the apartment to search the premises. The police officers found drugs and drug paraphernalia. Plaintiff says Applegate made racially disparaging remarks to him during the arrest and interrogation. During interrogation, Applegate ordered plaintiff to confess to owning the drugs or he would send the evidence to the United States Department of Justice. Plaintiff claims that Applegate was motivated by race discrimination.

As a result of the arrest, a jury found plaintiff guilty of four counts of controlled substance offenses. *United States v. Whitehead*, 4:04-CR-531 JCH (E.D. Mo.). The Court sentenced him to life imprisonment. The Court of Appeals for the Eighth Circuit affirmed. *United States v. Whitehead*, No. 06-3278 (8th Cir. 2007).

**Discussion**

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss [a] complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). In this case, the limitations period ended more than seven years ago. As a result, the case is dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 28th day of September, 2016.

                                               RONNIE L. WHITE
                                               UNITED STATES DISTRICT JUDGE